165 F.3d 32
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rodney L. MCNEAL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 97-2657.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 10, 1998*.
Decided Oct. 9, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 C 7445. William T. Hart, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. DANIEL A. MANION, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Petitioner McNeal appeals pro se from the district court's denial of his 28 U.S.C. § 2255 petition to vacate his conviction under 18 U .S.C. § 924(c)(1). We affirm the district court.
 
 
 2
 In May 1994, McNeal was convicted of violating the Travel Act, 18 U.S.C. § 1952, by traveling in interstate commerce--between Indiana and Illinois--to commit the Illinois statutory offense of extortion, and was also convicted of violating 18 U.S.C. § 924(c)(1) by carrying or using a firearm while committing this crime of violence. We affirmed his conviction on direct appeal. United States v. McNeal, 77 F.3d 938 (7th Cir.1996). McNeal later filed this § 2255 petition, asserting that his § 924(c)(1) conviction was erroneous under Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), which was decided after his conviction but before we decided his direct appeal. This present appeal from the denial of that petition satisfies the requirements of being successive under our Internal Operating Procedure 6(b), so it has been assigned to the same panel that decided his direct appeal. Although there are some procedural difficulties with McNeal's appeal, none of them are jurisdictional, and we will follow the government's suggestion to ignore them and decide this appeal on the merits. McNeal raises two issues on appeal: (1) whether sufficient evidence supports his conviction under § 924(c)(1); and (2) whether the district court's improper jury instruction for § 924(c)(1) entitles him to a new trial.
 
 
 3
 McNeal's sufficiency argument is patently frivolous. Under Bailey, a defendant violates § 924(c)(1) if he actively uses the firearm while committing a crime of violence (such as discharging it or brandishing it) or if he carries the firearm on his person while committing the crime. While either carrying or using is enough to violate § 924(c)(1), the record in this case establishes quite clearly that McNeal did both. He carried the pistol on his person while traveling between Illinois and Indiana, and carried it on his person while making his extortion demands to his girlfriend and her mother. He also used the gun to pistol-whip his girlfriend, and he fired it at two other people to dissuade them from calling the police to report McNeal's crimes. Obviously this is sufficient evidence to support the § 924(c)(1) conviction.
 
 
 4
 The government concedes that the district court's jury instruction on § 924(c)(1) did not comport with Bailey, which was decided after McNeal's conviction. In United States v. Jackson, 103 F.3d 561, 569 (7th Cir.1996), we held that when reviewing a § 2255 petition in this situation we will: (1) affirm the conviction if all of the evidence relating to the firearm would satisfy the definition of "use" or "carry" under Bailey; (2) reverse the conviction if none of the firearm evidence would satisfy Bailey; or (3) vacate the conviction and remand for a new trial if some of the firearm evidence would satisfy Bailey and some evidence shows mere possession--which is insufficient under Bailey--because we would be unable to determine whether the jury had relied on a proper basis for conviction. Clearly the second possibility does not apply here because as we noted above there is plenty of evidence to support McNeal's conviction under Bailey. The only question then is whether it is possible that the jury convicted McNeal on an improper basis. After reviewing the evidence presented regarding the firearm, we have to conclude that the jury could only have convicted on a basis consistent with Bailey.
 
 
 5
 The only evidence in the record that could be characterized as mere possession of the pistol is evidence that McNeal laid the pistol on the nightstand next to the bed in the motel where he and his girlfriend spent one night. The jury could not have believed that McNeal put the pistol on the nightstand without also believing that he carried it on his person into the motel room. And going to the motel room with his girlfriend was unquestionably an integral part of his committing extortion: While in the motel room, McNeal had his girlfriend call her mother and instruct her to bring McNeal his money, and McNeal told the mother that he would not allow his girlfriend to receive needed medical attention until the mother brought his money. (McNeal had seriously injured his girlfriend when he pistol-whipped her.) McNeal in fact made good that threat: he dumped his girlfriend at a hospital only after he had gotten his money. Thus the jurors could not have believed that McNeal "merely possessed" the pistol resting on the nightstand unless they also believed that he carried the pistol during the commission of a crime of violence, which is all that is necessary under § 924(c)(1). We therefore have no need to vacate McNeal's conviction based on the improper jury instruction.
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This successive appeal has been assigned to the original panel under Internal Operating Procedure 6(b). The panel heard oral argument on the initial appeal and is unanimously of the view that a second oral argument is unnecessary